UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                    No. 00-4036

EDWIN PEREZ,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-124)

Argued: December 8, 2000

Decided: January 16, 2001

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Christopher Campbell Booberg, THORSEN, MAR-
CHANT & SCHER, L.L.P., Richmond, Virginia, for Appellant. N.
George Metcalf, Assistant United States Attorney, Richmond, Vir-
ginia, for Appellee. **ON BRIEF:** Theodore N.I. Tondrowski, TON-
DROWSKI & WICKER, Richmond, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, James B. Comey, Assistant United
States Attorney, Adam Casagrande, Student Intern, Richmond, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

A jury found Edwin Perez guilty of one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C.A. § 846 (West 1999), and one count of possession with intent to distribute cocaine base and aiding and abetting such possession in violation of 21 U.S.C.A. § 841 (West 1999) and 18 U.S.C.A. § 2 (West 2000). On appeal, Perez contends that: (1) the district court erred by admitting evidence of a 1998 drug transaction; (2) the Government failed to establish the chain of custody for a package of crack cocaine seized from a co-conspirator; (3) the district court erred by instructing the jury that it may find the intent to distribute crack cocaine based upon the amount of crack cocaine seized despite the fact that there was no expert testimony regarding an amount of crack cocaine that was consistent with an intent to distribute; (4) the evidence was insufficient to establish that Perez possessed and had the intent to distribute crack cocaine; (5) a 1996 conviction for distribution of cocaine should not have been used in calculating his criminal history; (6) the district court erred by determining the amount of cocaine attributed to Perez in order to assign a base offense level under the sentencing guidelines; and (7) the district court erred in imposing a term of supervised release of ten years. Finding no reversible error, we affirm.

We conclude that evidence of the 1998 transaction was properly admitted under Rule 404(b) of the Federal Rules of Evidence for the purpose of demonstrating why Perez chose to travel with those persons transporting drugs from New York City. In addition, the probative value of the evidence was not substantially outweighed by unfair prejudice. *See* Fed. R. Evid. 403. The evidence "did not involve conduct any more sensational or disturbing than the crimes with which he was charged." *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). Furthermore, the district court instructed the jury on the limited purpose for the evidence. *See United States v. Powers*, 59 F.3d 1460, 1467-68 (4th Cir. 1995).

We further hold that Perez's argument regarding the chain of custody is without merit. *See United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982) ("[P]recision in developing the chain of custody is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect.") (internal quotation marks omitted).

We also hold that there was sufficient evidence to support the district court's instruction to the jury that it could infer an intent to sell based on the amount of drugs seized from a co-conspirator. *See United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). Furthermore, the evidence was sufficient to support the jury's finding that Perez possessed crack cocaine and that he had the intent to distribute the crack cocaine. *See Glasser v. United States*, 315 U.S. 60, 80 (1942).

The district court did not err by using a 1996 conviction and sentence for distribution of cocaine in calculating Perez's criminal history category. That prior offense was not part of the instant conduct. *See United States v. McManus*, 23 F.3d 878, 888 (4th Cir. 1994) (inquiry should be whether prior sentence and instant offense "'involve conduct that is severable into two distinct offenses'") (quoting *United States v. Beddow*, 957 F.2d 1330, 1338 (6th Cir. 1992)).

Nor did the district court err in determining the offense level under the sentencing guidelines. The Government fulfilled its burden by proving by a preponderance of the evidence the amount of cocaine foreseeable to Perez. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999).*

Finally, the district court did not err in imposing a ten-year term of supervised release. In *United States v. Good*, 25 F.3d 218 (4th Cir. 1994), we recognized that 18 U.S.C.A. § 3583(b)(1)(West 2000) sets maximum terms of supervised release "except as otherwise provided." *Good*, 25 F.3d at 220 n.3 (quoting 18 U.S.C.A. § 3583(b)). We further

---

*The parties agree that there was no *Apprendi* error in this case. *See Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).

observed that this language "creates an exception for those special statutes, such as drug offenses, which carry their own mandatory minimum periods of supervised release." *Id.* In the present case, because Perez had a prior drug felony conviction, the statute mandated "a term of supervised release of at least 10 years in addition to such term of imprisonment." 21 U.S.C.A. § 841(b)(1)(A). Accordingly, Perez's term of supervised release is consistent with our opinion in *Good*.

For the foregoing reasons, we affirm the convictions and sentences.

*AFFIRMED*