# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 98-4532

LUDENCE ALFORD TURNBULL, JR.,

*Defendant-Appellant.*

On Remand from the United States Supreme Court.
(S. Ct. No. 00-345)

Submitted: November 30, 2001

Decided: December 18, 2001

Before WILKINSON, Chief Judge, and WILLIAMS and
MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Stanley E. Sacks, SACKS & SACKS, Norfolk, Virginia; Doulgas C. McNabb, Houston, Texas, for Appellant. Kenneth E. Melson, United States Attorney, Laura Pellatiro Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

This case is on remand from the United States Supreme Court for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). The Court decided *Apprendi* after a jury convicted Ludence Turnbull of conspiracy to import cocaine and cocaine base, in violation of 21 U.S.C. § 963(b) (1994); conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a), 846 (1994); conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (1994); money laundering (six counts), in violation of 18 U.S.C. § 1956(a)(1)(A) (1994); and importation of cocaine, in violation of 21 U.S.C. §§ 952, 960 (1994). The district court sentenced Turnbull to concurrent 400-month sentences on each of the drug conspiracy counts, concurrent 240-month sentences on each of the money laundering counts, and 360 months on the importation count, and we affirmed his convictions and sentences. *United States v. Turnbull*, No. 98-4532, 2000 WL 524800 (4th Cir. May 2, 2000) (unpublished), *vacated*, 531 U.S. 1033 (2001). After reviewing his convictions and sentences for plain error in light of *Apprendi*, we affirm.[1] *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (discussing plain error standard of review), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

In *Promise*, we applied *Apprendi* to drug offenses in §§ 841 and 846 and held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *Id.* at 156-57 (footnotes omitted). However, in the case of multiple counts of conviction, the guidelines instruct that if the total punishment mandated by the guidelines exceeds the highest statutory maximum, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment. *See*

---

[1]Because *Apprendi* does not affect the reasoning in our prior opinion in this case, we adhere to that decision.

*U.S. Sentencing Guidelines Manual* § 5G1.2(d) (2000). Therefore, the district court was obligated to impose consecutive sentences on Turnbull's various convictions until it reached the total punishment of one hundred years. *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, ___ U.S. ___, 121 S. Ct. 2235 (2001). *See also United States v. Roberts*, 262 F.3d 286 (4th Cir. 2001) (holding that if the result of *White* "stacking" yields the functional equivalent of a life sentence, defendant cannot demonstrate plain error). Consequently, Turnbull cannot show that his 400-month sentence was "longer than that to which he would otherwise be subject." *White*, 238 F.3d at 542. We therefore find no plain error under *Apprendi*. Nor do we find plain error in the district court's application of the enhancement for being a leader or organizer, USSG § 3B1.1(a) (2000), which Turnbull alleges violates *Apprendi*. *United States v. Kinter*, 235 F.3d 192, 200-01 (4th Cir. 2000) (holding that *Apprendi* does not apply to judge's exercise of sentencing discretion within statutory range, so long as defendant's sentence is not set beyond maximum term specified in substantive statute), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1393 (2001).

Accordingly, we affirm Turnbull's convictions and sentences.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]We deny Turnbull's motion to hold his appeal in abeyance pending a decision on the petition for a writ of certiorari in *United States v. Promise*.