ON PETITION FOR REHEARING
UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ROGER BYRD,
*Defendant-Appellant.*

No. 99-4203

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

HERMAN JUNIOR BYRD,
*Defendant-Appellant.*

No. 99-4204

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CHRISTIAN DEXTER BYRD,
*Defendant-Appellant.*

No. 99-4205

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-97-109-V)

Submitted: November 20, 2001

Decided: January 15, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

**COUNSEL**

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina; Noell P. Tin, Eben T. Rawls, III, RAWLS & DICKINSON, P.A., Charlotte, North Carolina, for Appellants. Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In these consolidated appeals, Roger Byrd ("R. Byrd"), Herman Junior Byrd ("H. Byrd"), and Christian Dexter Byrd ("C. Byrd") appeal their convictions and sentences. The Byrds were convicted of one count of conspiracy to possess with intent to distribute and distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994). H. Byrd and C. Byrd were each convicted of one count of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. § 841 (West 1999), and 18 U.S.C. § 2 (1994). This court affirmed the convictions and sentences in an opinion issued August 9, 2000. Subsequently, this court granted the Appellants' petitions for rehearing and placed the appeals in abeyance pending *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *petition for cert. filed* Sept. 20, 2001 (No. 01-6398), and

*United States v. Perez*, 2001 WL 37520 (4th Cir. Jan. 16, 2001) (No. 00-4036) (unpublished). On rehearing, we affirm the convictions and affirm C. Byrd's sentence. We vacate the sentences imposed on R. Byrd and H. Byrd and remand with instructions that those sentences be imposed in accordance with § 841(b)(1)(C).

We commence by disposing of the issues raised in the Appellants' brief. R. Byrd contends that: (1) his Sixth Amendment right to counsel was violated by the admission of a jailhouse informant's testimony; (2) the evidence was insufficient to sustain his conviction; and (3) he was not given adequate notice of the convictions upon which the Government intended to rely in seeking an enhanced sentence. We find R. Byrd's right to counsel was not violated because there was no evidence the Government and its informant "took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks." *Kuhlmann v. Wilson*, 477 U.S. 436, 459 (1986). After viewing the evidence in the light most favorable to the Government, *see Glasser v. United States*, 315 U.S. 60, 80 (1942), we find there was sufficient evidence to sustain his conspiracy conviction. *See, e.g.*, *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993) (conspiracy shown "by [the defendants'] mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market."). We also conclude R. Byrd was given adequate notice of the convictions relied upon by the Government in seeking an enhanced sentence under 21 U.S.C. § 851 (1994).

H. Byrd contends that: (1) the district court erred by denying his motion to suppress evidence; (2) the district court erred in its determination of the quantity of drugs attributed to him for sentencing purposes; (3) the district court erred by enhancing H. Byrd's sentence based on his possession of a firearm; and (4) his base offense was improperly enhanced on the basis that he was a manager of the conspiracy.

With regard to the admission of evidence seized during a 1991 incident, we find any error was harmless. *See United States v. Ford*, 986 F.2d 57, 60 n.2 (4th Cir. 1993) (noting improperly admitted evidence is reviewed for harmless error). The evidence against H. Byrd was substantial. We accordingly conclude the verdicts in his case

would have been the same even if the evidence seized during the challenged search had been suppressed.

We review the district court's factual findings made at sentencing for clear error. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). We find the district court did not clearly err in its determination of the amount of crack cocaine attributed to H. Byrd for sentencing purposes. We also find there was no clear error in increasing H. Byrd's base offense level for possession of a weapon or for his managerial role in the offense.

C. Byrd contends the district court did not make the requisite factual findings under Rule 32(c)(1) of the Federal Rules of Criminal Procedure in sustaining the Government's objections to the presentence investigation report ("PSR"). "The purpose of this rule is to ensure that a record is made as to how the district court ruled on any alleged inaccuracy in the PSR." *United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994). The court does not need to articulate its finding with "minute specificity." *Id.* (internal quotation omitted). We find the court complied with Rule 32(c)(1). When it sustained the Government's objections, the court adopted the Government's summaries of trial testimony submitted in support of the Government's objections. *See United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994) (by discerning the factual basis for the district court's decision, appellate court can undertake a meaningful review).

In the case at bar, the indictment did not specify drug quantities. At sentencing, the district court found by a preponderance of the evidence that in excess of 1000 grams of cocaine and cocaine base were attributable to R. Byrd, at least one-and-a-half kilograms of crack cocaine were attributable to H. Byrd, and 150 to 500 grams of cocaine base were attributable to C. Byrd. Accordingly, for the conspiracy conviction, each Appellant was sentenced under § 841(b)(1)(A), which authorizes a term of imprisonment of not less than ten years or no more than life.

R. Byrd was sentenced to a mandatory life term of imprisonment and ten years' supervised release because he had two prior felony drug convictions. *See* § 841(b)(1)(A). Based upon the base offense level and the criminal history category, H. Byrd was sentenced to a

mandatory life term of imprisonment for the conspiracy conviction and forty years' imprisonment for the possession conviction to run concurrently. In addition, H. Byrd was sentenced to ten years' supervised release. C. Byrd had a base offense level of 37 and was placed in criminal history category I. He was sentenced to concurrent terms of 210 months' imprisonment and ten years' supervised release.

In accordance with *Promise* and *United States v. Cotton*, 261 F.3d 397, 403-04 (4th Cir. 2001), we find the sentences imposed upon R. Byrd and H. Byrd are plain error and should be vacated and remanded. Upon remand, the district court shall sentence both R. Byrd and H. Byrd in accordance with § 841(b)(1)(C). Because C. Byrd was sentenced below the statutory maximum authorized by § 841(b)(1)(C), we find no need to vacate his sentence. *See United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000), *cert. denied*, 122 S. Ct. 39 (2001); *United States v. Pratt*, 239 F.3d 640, 647 n.4 (4th Cir. 2001).

Accordingly, we affirm the convictions and Christian Dexter Byrd's sentence. We vacate the sentences imposed upon Roger Byrd and Herman Junior Byrd and remand for resentencing. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND*
*REMANDED IN PART*