UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

DAVID TYRONE HALL, a/k/a David
Reed,

              *Defendant-Appellant.*

No. 01-4293

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-98-192-CCB)

Submitted: February 27, 2002

Decided: April 29, 2002

Before TRAXLER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Craig W. Sampson, LAW OFFICE OF CRAIG W. SAMPSON, Richmond, Virginia, for Appellant. Thomas M. DiBiagio, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

David Tyrone Hall was found guilty of conspiracy to possess with intent to distribute unspecified amounts of heroin, cocaine, and cocaine base ("crack"), Count 1, and, possession with intent to distribute unspecified amounts of crack, Counts 2, 4 and 6. Hall was sentenced to concurrent life sentences for Counts 1, 2, 4 and 6. Hall was also found guilty of three counts of being a felon in possession of a firearm, under 18 U.S.C.A. § 922(g) (West 2000), Counts 8, 9 and 10, and was sentenced to 120 months of imprisonment for each count to run concurrently with each other and with his life sentences.

On direct appeal this court affirmed all of Hall's convictions. *See United States v. Hall*, Nos. 99-4450/4659 (4th Cir. Oct. 19, 2000) (unpublished). The court affirmed all of Hall's sentences except for his sentence in Count 1, which we remanded in light of *United States v. Rhynes*, 196 F.3d 207, 237-40 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir. 2000) (en banc). On remand, the district court reduced Hall's sentence for Count 1 from life to thirty years imprisonment. On appeal, Hall alleges that his sentences and convictions are invalid in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). For the reasons that follow, we affirm.

First, Hall alleges that his enhanced thirty-year sentence for Count 1, as a prior drug felon under 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2001), is invalid in light of *Apprendi*. This claim fails because the *Apprendi* court specifically noted that its holding did not affect prior convictions. *Apprendi*, 530 U.S. at 490. Also, the record reveals that the Government filed notice of its intent to seek an enhanced sentence, under 21 U.S.C. § 851 (1994), prior to trial.

Next, Hall alleges that his life sentences for Counts 2, 4 and 6, should also be reduced in light of *Apprendi*. Even if this court were

to find this claim was not barred by the law of the case doctrine, *United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993), we find that Hall has suffered no prejudice. We come to this conclusion because the district court would be required to impose or "stack" Hall's § 841(b)(1)(C) sentences consecutively under *U.S. Sentencing Guidelines Manual* § 5G1.2(d) (2000) to reach Hall's total punishment under the guideline range. *See United States v. Roberts*, 262 F.3d 286, 291-92 (4th Cir. 2001), *pet. for cert. filed*, (Nov. 14, 2001) (No. 01-7733). This sentence stacking would yield an aggregate statutory maximum sentence of 150 years for Hall. *Id.* Thus, because this 150-year sentence exceeds Hall's life span, he can show no prejudice, in any event. *Id.*; *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (stating standard of review for plain error). Thus, this claim fails.

We have reviewed the issues raised in Hall's pro se informal briefs, and find no reversible error. Therefore, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*