UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

HERMAN JUNIOR BYRD,
       *Defendant-Appellant.*

No. 02-4332

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

ROGER BYRD,
       *Defendant-Appellant.*

No. 02-4371

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-97-109-V)

Submitted: November 5, 2002

Decided: December 4, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Car-
olina; Eben T. Rawls III, RAWLS, DICKINSON & SCHEER, P.A.,

Charlotte, North Carolina, for Appellants. Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Herman Junior Byrd ("H. Byrd") and Roger Byrd ("R. Byrd") appeal their sentences imposed after this court remanded for resentencing in accordance with 21 U.S.C. § 841(b)(1)(C) (2000). The Byrds' counsel have filed a brief under *Anders v. California*, 386 U.S. 738 (1967), certifying there are no meritorious issues. R. Byrd has filed a pro se supplemental brief raising three non-meritorious issues. H. Byrd was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

The Byrds were convicted of one count of conspiracy to possess with intent to distribute and distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. § 846 (2000). H. Byrd was convicted of one count of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841 (2000), and 18 U.S.C. § 2 (2000). This Court affirmed the convictions and sentences in an opinion issued August 9, 2000. Subsequently, this Court granted the Byrds' petitions for rehearing and placed the appeals in abeyance pending *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *cert. denied*, 122 S. Ct. 2296 (2002), and *United States v. Perez*, 2001 WL 37520 (4th Cir. Jan. 16, 2001) (No. 00-4036) (unpublished). On rehearing, this Court affirmed the convictions but vacated the sentences imposed on R. Byrd and H. Byrd and remanded with instructions that those sentences be imposed in accordance with § 841(b)(1)(C). *See United States v. Byrd*, 2002 WL 50592 (4th Cir. Jan. 15, 2002) (Nos. 99-4203/4204) (unpublished).

At resentencing, H. Byrd was sentenced to 480 months' imprisonment, or 240 months' imprisonment for each conviction to run con-

secutively, because the sentencing guidelines range was life imprisonment. "The Guidelines provide that in the case of multiple convictions, 'if the total punishment mandated by the guidelines exceeds the highest statutory maximum, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment.'" *United States v. Roberts*, 262 F.3d 286 (4th Cir. 2001), *cert. denied*, 122 S. Ct. 1548 (2002) (quoting *United States v. White*, 238 F.3d 537, 543 (4th Cir. 2001)). Thus, H. Byrd's sentence for either conviction was not in excess of the statutory maximum authorized under § 841(b)(1)(C). However, the written amended judgment authorized a term of imprisonment of 480 months' imprisonment to run concurrently. Although we affirm the sentence of 480 months' imprisonment, we instruct the district court to modify the written judgment to reflect the oral sentence. *Rakes v. United States*, 309 F.2d 686, 687 (4th Cir. 1962).

R. Byrd's 360-month term of imprisonment was authorized under § 841(b)(1)(C) because R. Byrd had a prior drug felony conviction. R. Byrd's pro se supplemental brief raises issues that are without merit because they were foreclosed by this Court's opinion affirming the conviction.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm the sentences. We instruct the district court to amend H. Byrd's amended written judgment so it reflects the sentence imposed orally at resentencing. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If either client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 02-4332 - *AFFIRMED*

No. 02-4371 - *AFFIRMED*