**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JOE FRANKLIN SANDERS,
    *Defendant-Appellant.*

No. 02-4786

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-99-768)

Submitted: May 29, 2003

Decided: June 4, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

William N. Nettles, Columbia, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joe Franklin Sanders appeals the district court's order denying his motion for a new trial under Fed. R. Crim. P. 33. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising the issue of whether the district court abused its discretion in denying Sanders's motion for a new trial. Sanders has filed a pro se supplemental brief in which he argues that the statements he submitted in support of his new trial motion demonstrate that the prosecutor used perjured testimony at his trial. Finding no reversible error, we affirm.

We review a district court's denial of a motion for new trial for an abuse of discretion. *United States v. Roberts*, 262 F.3d 286, 293 (4th Cir. 2001), *cert. denied*, 535 U.S. 991 (2002). A district court may grant a new trial based upon recantation of trial testimony by a government witness if the district court is

> reasonably well satisfied (1) that the testimony given by a material witness is false, (2) that without it the jury might have reached a different conclusion, and (3) that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.

*Id.* (internal quotation marks and emphasis omitted). Our review of the record convinces us that the district court properly applied this standard and did not abuse its discretion in denying Sanders's motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the denial of Sanders's motion for a new trial. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*