UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 03-4216

COREY JACOBS, a/k/a Buck,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-93-117)

Submitted: October 3, 2003

Decided: October 24, 2003

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Robert Ratliff, Mobile, Alabama, for Appellant. Paul J. McNulty, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Corey Jacobs was convicted by a jury of conspiracy to possess with intent to distribute and distribute, inter alia, more than five kilograms of cocaine and more than fifty grams of cocaine base (crack), as well as eighteen substantive drug counts and two counts of interstate travel in aid of drug trafficking. While drug quantities were charged in the conspiracy count and certain distribution counts, drug quantity was not submitted to the jury as an element of any of the charged offenses. Jacobs was sentenced to sixteen life sentences, two twenty-year sentences, a forty-year sentence, and two five-year sentences, all concurrent. He appeals his convictions and sentence. We affirm.

The conspiracy ran from 1988 to 1993. Jacobs was not apprehended until 1999. He was tried in January 2000 and sentenced in May 2000. Many of his co-conspirators testified during the six-day trial. The government's evidence showed that Jacobs and others transported large quantities of cocaine and crack from New York to Norfolk, Virginia, where the drugs were distributed. Jacobs testified that he had no involvement in the drug conspiracy.

Jacobs first contends that the district court erred in permitting the government to introduce evidence that several co-conspirators were shot during the conspiracy and that he and other conspirators purchased firearms, sometimes illegally, during the period of the conspiracy. He argues that, under Rule 404(b) of the Federal Rules of Evidence, these events were not admissible because they were unconnected with the charged drug offenses. Rule 404(b) provides that evidence of a defendant's "other crimes, wrongs, or acts is not admissible to prove" bad character but may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Such evidence may not be more prejudicial than probative. Fed. R. Evid. 403. The district court's decision to admit evidence of prior bad acts is reviewed for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997). Rule 404(b) does not apply to acts that are "intrinsic to the crime charged, and . . . not admitted solely to demonstrate bad character. . . ." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Here,

all the evidence Jacobs complains of was directly connected to the charged drug conspiracy, not evidence of other, unrelated crimes. Therefore, Rule 404(b) did not apply and the district court did not abuse its discretion in admitting the evidence.

Jacobs next alleges that he was prejudiced by statements made by the government attorney during opening and closing argument. To prevail on a claim of prosecutorial misconduct, a defendant must show: (1) the government's remarks and conduct were improper; and (2) the remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial. *United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999). To determine whether such prejudice resulted, the appellate court considers: "(1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." *United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983). Having reviewed each of the statements complained of, we conclude that Jacobs has not met this burden.

Jacobs challenges his conviction and sentence based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."). *Apprendi* was decided after Jacobs was sentenced, but it is applicable to cases pending on direct appeal. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). However, because Jacobs did not object to the jury instructions on the ground he raises here, the plain error standard of review applies. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (before appellate court will notice plain error (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings). *Apprendi* does not affect the validity of Jacobs' conviction, but the government concedes that his sentences of life imprisonment exceed the twenty-year statutory maximum sen-

tence for counts charging an unspecified quantity of crack and cocaine and are plain error under *Apprendi*. The government argues that error did not affect Jacobs's substantial rights.

Jacobs made no objections to the presentence report. His offense level was 46 and he was in criminal history category II. Thus, his undisputed guideline range was life imprisonment. His convictions exposed him, under *Apprendi*, to a total statutory maximum prison term of 390 years. *United States v. Angle*, 254 F.3d 514, 518-19 (4th Cir. 2001) (en banc) (applying *United States v. White*, 238 F.3d 537, 542-43 (4th Cir. 2001)). Had the district court sentenced Jacobs in accord with *Apprendi*, it would have been required to "stack" Jacobs' sentences consecutively under *U.S. Sentencing Guidelines Manual* § 5G1.2(d) (1998), to achieve a sentence within the guideline range, if possible. *United States v. Roberts*, 262 F.3d 286, 291 (4th Cir. 2001), *cert. denied*, 535 U.S. 991 (2002). Jacobs would thus have been sentenced to 390 years imprisonment, in effect a life sentence. As in *Roberts*, Jacobs did not contest the drug quantities alleged in the indictment and has not shown that he would have been exposed to less than a life sentence on *every* count for which he received a life sentence.* Therefore, Jacobs has not shown that his substantial rights were affected.

Jacobs contests the three-level role enhancement he received on the ground that it increased his guideline range but was not submitted to the jury. This issue is without merit. This court has held that factual determinations that do not increase the statutory maximum sentence need not be submitted to the jury. *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000).

Next, Jacobs argues that his conviction was based on insufficient evidence. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942).

---

*We noted in *Roberts* that, if "a defendant had received three concurrent life sentences under a statute with a 20-year statutory maximum, we would be much more hesitant to apply this rationale, as it is possible that a defendant could live for 60 more years." *Roberts*, 262 F.3d at 292.

Jacobs here contends that the government failed to prove his involvement in the conspiracy, proving at most that he had a buyer-seller relationship with certain witnesses. He argues that the evidence proved at best five separate conspiracies involving his co-defendants and co-conspirators, but not a single conspiracy in which he was implicated. We find his argument unpersuasive. A single conspiracy exists where there is one overall agreement or business venture. *United States v. Leavis*, 853 F.2d 215, 218 (4th Cir. 1988). While the materials submitted on appeal do not contain the entire trial transcript, the testimony that has been made available establishes that Jacobs was deeply involved with at least one person (usually more) in each of the five groups of people that Jacobs seeks to portray as separate conspiracies. The evidence shows that Jacobs was involved with many people in the pursuit of his continuing drug business, rather than separate conspiracies.

Arguing for a change in the existing law, Jacobs concedes that this court has held that a trial court should not define the term "reasonable doubt." *United States v. Najjar*, 300 F.3d 466, 486 (4th Cir.), *cert. denied*, 537 U.S. 1094 (2002). Even if we were so inclined, a panel may not overrule or reconsider a precedent set by another panel. *Id.* n.8.

Jacobs contends that his attorney was ineffective in failing to research case law under *Apprendi*, failing to cross examine witnesses concerning drug amounts, and failing to secure the appearance of a Mr. Bratcher. Claims of ineffective assistance of counsel are not properly raised on direct appeal unless the record conclusively reveals that the defendant's representation was defective. *United States v. Vinyard*, 266 F.3d 320, 333 (4th Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). The record is not conclusive in this case. *Apprendi* had not been decided when Jacobs was convicted and sentenced and Jacobs does not explain why Mr. Bratcher's appearance would have been significant. Therefore, his claim of ineffective assistance should be raised in a motion to vacate pursuant to 28 U.S.C. § 2255 (2000). *See United States v. Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (second, substantive § 2255 motion not precluded by prior § 2255 motion seeking reentry of judgment to permit direct appeal).

Finally, Jacobs argues that the government violated the federal bribery law, 18 U.S.C. § 201(c)(2) (2000), when it promised immu-

nity and the possibility of sentence reductions to co-defendants who testified at his trial. We have previously rejected this argument. *See United States v. Stitt*, 250 F.3d 878, 900 (4th Cir. 2001), *cert. denied*, 535 U.S. 1074 (2002).

We therefore affirm the conviction and sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*