Willie Junior RAKES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 8576.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 27, 1962.

Decided Oct. 29, 1962.

Thomas S. Word, Jr., Richmond, Va. (Court-assigned counsel), for appellant.

Lawrence C. Musgrove, Asst. U. S. Atty., for appellee.

Before SOPER, HAYNSWORTH and BRYAN, Circuit Judges.

SOPER, Circuit Judge.

On February 13, 1961, Willie Junior Rakes, the defendant appellant, entered a plea of guilty in the District Court to eight separate indictments in each of which he was charged, along with other persons, with removing and concealing, at various times in September and October, 1960, a certain quantity of distilled spirits on which the tax had not been paid, in violation of 26 U.S.C. § 5601(a)(12). Thereupon, the District Judge imposed a sentence of one year imprisonment in each of the eight cases. In each of four cases succeeding the first case in which sentence was imposed, the court directed that the sentence be served "consecutively with" the sentence of one year

theretofore imposed in a prior case; and in each of three cases succeeding the first case the Judge directed that the sentence of one year be served "concurrently with" the sentence theretofore imposed in one of the prior cases. The result was, as the Judge announced, that the defendant was sentenced to serve a total of five years in prison, one year in each of five cases to run consecutively and one year in each of three cases to run concurrently with the sentence imposed in one of the five other cases.

The eight indictments were not numbered at the time the sentences were imposed, and the particular indictment which the Judge had in mind in imposing sentence in each case was identified by reference to the date of the offense, the quantity of illicit whiskey involved and the names of the co-defendants set out in the indictment. Subsequently, the indictments were given numbers. The Judge signed a separate formal judgment of sentence in each case, but unfortunately the numbers did not follow the sequence in which the oral sentences had theretofore been pronounced. The result was the same insofar as the total time of imprisonment of five years was concerned, but in four instances the written sentence was made to run "consecutively to" or "concurrently with" a different sentence than that indicated in the oral pronouncement. The present situation is that the defendant has served the sentence first pronounced and is now serving a consecutive sentence under a written judgment, No. 6403, in a case other than the case designated in the oral judgment, No. 6407.

Pursuant to Rule 35 of the Federal Rules of Criminal Procedure which provides that the court may correct an illegal sentence at any time, defendant filed, on August 3, 1961, a motion in the District Court to vacate or to correct the sentences imposed on February 13, 1961. In the District Court, as he does here, the the defendant conceded that the sentence of one year imprisonment in the first case taken up by the court, which had been given the number 6410, was legal and

valid; but he contended that the sentences subsequently imposed in four cases, Nos. 6403, 6406, 6407 and 6408, each of which was made to run for one year "consecutively with" the sentence of one year imposed in a prior case, were ambiguous and uncertain, and therefore are void. The District Judge being of the opinion that the case fell within the purview of 28 U.S.C. § 2255, since it pertained to sentences alleged to have been imposed in violation of law, caused notice of the motion to be served on the United States Attorney and held a hearing upon the motion, the answer of the United States Attorney and a reply thereto by the defendant. The District Judge reached the conclusion that there was no ambiguity in the sentences, particularly as the court had notified the petitioner that he was to serve five years in prison, one year each in five of the cases and one year each in three of the cases to run concurrently with the sentences imposed in one of the five cases. He, therefore, dismissed the motion. There followed the present appeal, which the defendant has been permitted to take in forma pauperis with the assistance of the court appointed counsel.

■■ The principal contention now presented on behalf of the defendant is that all of the sentences except the first are invalid because the written judgments therein differed from the oral judgments. It has long been established that the defendant in a criminal case must be personally present at every stage of the trial; Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011, and Rule 43 of the Federal Rules of Criminal Procedure specifically so provide. Thus, it follows that the sentences to be served in these cases are those pronounced in the defendant's presence in open court and not those set out in the written judgments of the court. We are asked on this account to declare the sentences void and order the release of the prisoner. Our attention is called to decisions which hold that where multiple sentences of imprisonment are imposed the court must make clear and certain the sequence in

which they are to be served so that the prisoner, his keeper and everyone else concerned may know what sentence the prisoner is serving at any point of time. See United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; United States v. Patterson, C.C.N.J., 29 F. 775. In the instant case, however, the remedy need not be so drastic as to void the sentences. The provision of Rule 35, which permits the correction of an illegal sentence at any time, provides the proper remedy, and the case must be sent back to the District Court in order that the written judgments may be corrected to conform with oral the pronouncements. This procedure is peculiarly appropriate in the instant case since the Judge made clear to the prisoner that he was to serve a total of five years, and the prisoner has suffered no detriment in the meantime. In the new judgments it must be made clear that the time already served after the expiration of the sentence first imposed will be taken into account in computing the time to be served under the corrected judgment in the second case.

We think there is nothing substantial in the additional contention of the defendant that the use of the words "consecutive with" by the Judge in imposing sentence in the cases subsequent to the first rendered the subsequent sentences so ambiguous that, in accordance with the rule that an ambiguity in sentence must be construed most favorably to the defendant, all of the sentences in which these terms were used must be run concurrently with the sentence first imposed. This argument has been rejected in a number of cases as the District Judge pointed out in his opinion. Thus, in answer to the same contention the Court in Hiatt v. Ellis, 5 Cir., 192 F.2d 119, said at page 120:

"The word 'consecutive' used in the sentence, according to its primary dictionary definition, denotes 'following in a train, succeeding one another in a regular order'. The word 'with' which follows it in the sentence denotes primarily 'a relation of contact or association'. The idea put forward by the petitioner and adopted by the court, that the use of 'with' instead of 'to' makes the order ambiguous and renders it ineffective, will not do."

See also Fulton v. United States, 5 Cir., 250 F.2d 281; Sutton v. United States, 5 Cir., 266 F.2d 529; Martin v. United States, 10 Cir., 285 F.2d 150; Toyer v. United States, 8 Cir., 291 F.2d 925; Young v. United States, 8 Cir., 274 F.2d 698; Payne v. Madigan, 9 Cir., 274 F.2d 702. (The judgments in the two last mentioned cases, were affirmed by a divided court at 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853.)

Accordingly, the cases will be remanded to the District Court with directions to correct the written sentences in accordance with the views expressed in this opinion.

Remanded.