936 F.2d 568
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Dixon JOYCE, Defendant-Appellant.
 No. 91-6044.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 16, 1991.
Decided July 2, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-86-65-G)
 Ronald Dixon Joyce, appellant pro se.
 M.D.N.C.
 VACATED AND REMANDED.
 Before K.K. HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald Dixon Joyce appeals from the district court's denial of his motion to correct his sentence under Fed.R.Crim.P. 35(a). Because the court's oral pronouncement of sentence conflicts with the court's written judgment, we vacate and remand the court's order with instructions to enter a written sentencing order in conformity with its oral statement.
 
 
 2
 In 1986, Joyce entered into a plea agreement in which he pleaded guilty to counts one, six and seven of a multi-count indictment. In exchange for the guilty pleas, the government dismissed the remaining counts and agreed that should the court impose a term of imprisonment, it should not exceed nineteen years.
 
 
 3
 At the sentencing hearing, the court sentenced Joyce to fifteen years imprisonment on the first count and continued that "with reference to count 4" Joyce was sentenced to four years imprisonment "to commence after the expiration of the term of imprisonment imposed this date in count 1 of the indictment." Since the court went on to state "[a]ll other counts in the indictment are hereby dismissed other than counts 1, 6 and 7," the court's reference to count four was apparently a clerical error. The court then imposed another four-year term of imprisonment for count seven and stated that "this term of imprisonment will run concurrently with the term of imprisonment imposed in count 1 of the indictment."
 
 
 4
 The court's written judgment and commitment order referred to the counts by their correct numbers, and stated that the four-year sentence imposed for count six was to run "at the expiration of the sentence imposed on Count 1." The order continued, however, that the four-year sentence imposed for count seven was to "run concurrently with the sentence imposed in Count 6." This was contrary to the oral pronouncement that the sentence for count seven was to run concurrently with the term imposed for count one.
 
 
 5
 This Court has consistently held under the former Rule 35(a) that to the extent that there is any conflict between a written order and an oral sentence, the oral pronouncement is controlling and "the proper remedy is for the district court to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." United States v. Morse, 344 F.2d 27, 29 n. 1 (4th Cir.1965); Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir.1962), cert. denied, 373 U.S. 939 (1963).
 
 
 6
 Therefore, we vacate the district court's denial of Joyce's Rule 35(a) motion and remand the case to the district court for it to amend the written judgment and commitment order to reflect that the sentence on count seven is to run concurrently with the sentence imposed on count one. To the extent that the court simply misspoke in referring to count six as count four, that error may be corrected under Fed.R.Crim.P. 36.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 VACATED AND REMANDED.