**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4165

WARREN THOMAS, SR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-95-370)

Submitted: September 10, 1996

Decided: September 23, 1996

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

William Jeffry Weston, Greenville, South Carolina, for Appellant.
Harold Watson Gowdy, III, OFFICE OF THE UNITED STATES
ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Warren Thomas appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine base. **1** Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there are no meritorious issues to appeal, but raising the issue of whether the district court fully complied with FED. R. CRIM. P. 11 in taking Thomas's guilty plea. Counsel advised Thomas of his right to file a supplemental brief, but he has not so filed. Finding no reversible error after an entire review of the record, we affirm Thomas's conviction and sentence, but remand to the district court with instructions to correct its written judgment and commitment order to reflect its oral expression at sentencing.

At the FED. R. CRIM. P. 11 colloquy, the district court thoroughly questioned Thomas to ensure he was competent to enter a plea and that he understood the nature and consequences of his plea. Specifically, the court inquired into Thomas's education, mental health, use of drugs or medication, and whether Thomas understood all the rights he was forfeiting by pleading guilty.

When Thomas expressed some reservation about his attorney's efforts regarding the length of incarceration he would receive under the federal sentencing guidelines, the court inquired into what else Thomas thought his attorney should have done. Thomas could not identify any specific failing of his counsel; he only reiterated his belief that more could have been done to reduce his sentence. Upon continued questioning by the court regarding his dissatisfaction, Thomas stated that he was not dissatisfied with his attorney's preparation or advice, but only unhappy with the possible length of his incarceration. Thomas's displeasure with the length of his incarceration does not invalidate his guilty plea because he was fully aware of the possible length of incarceration and still pleaded guilty.

Thomas acknowledged that he understood his rights, understood

_____

**1** 21 U.S.C. § 846 (1988).

the consequences of his plea, and was freely and voluntarily pleading guilty. The plea agreement must be upheld because Thomas made an intelligent and informed decision when he voluntarily pled guilty.[2]

Finally, our complete review of the record disclosed a discrepancy between the district court's oral sentence given in Thomas's presence and its written order of judgment. When there is a conflict between a written order of sentence and an oral sentence, the latter is controlling, and the proper remedy is for the district court to correct its written judgment so that it conforms to its oral pronouncement.[3] Because the written order is incorrect, we must remand the case to the district court so that it can correct its written order to reflect the oral sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

_____

[2] **North Carolina v. Alford**, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
[3] **United States v. Morse**, 344 F.2d 27, 30 (4th Cir. 1965); Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962), cert. denied, 373 U.S. 939 (1963).