**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 95-5038

ALFONZO JAMES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Richard B. Kellam, Senior District Judge.
(CR-94-115)

Submitted: December 19, 1996

Decided: January 10, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Fernando Groene, OFFICE OF THE UNITED STATES
ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Alfonzo James appeals the sentence imposed after the district court found him guilty of two counts of possession of ammunition by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1996). James' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two potential sentencing errors but concluding that there are no meritorious grounds for appeal. James was notified of his right to file a supplemental brief, but he failed to do so. We affirm.

James contends that the district court failed to award a two-level reduction under U.S.S.G. § 3E1.1[1] for acceptance of responsibility and erred in considering prior arrests in the criminal history category calculation. James did not object during sentencing. Thus, he waived any possible error in the computation of his sentence, absent plain error. United States v. Ford, 88 F.3d 1350, 1355-56 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6379). No plain error exists on the record warranting review of James' sentence.

We note, however, that a conflict exists between the sentencing hearing transcript and the written judgment with regard to the term of imprisonment.[2] The sentencing hearing transcript reflects a sentence of forty months imprisonment on the first count of possession of ammunition by a convicted felon with the sentence in that count to run concurrently with the forty-six-month prison sentence imposed in the second count. But the written judgment imposes prison terms of forty-six months each on the first and second counts to run concurrently with each other. Ordinarily, the oral pronouncement of the sentence governs. Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir.

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994). James was sentenced on January 4, 1995.
[2] No conflict exists as to the other sentencing terms. Both the oral pronouncement at sentencing and the written judgment imposed a three-year supervised release term on each count to run concurrently with each other and a $100 special assessment.

2

1962), cert. denied, 373 U.S. 939 (1963); see United States v. Daddino, 5 F.3d 262, 266 & n.5 (7th Cir. 1993) (collecting cases recognizing general rule). Both a forty-month and forty-six-month sentence fall within the applicable guideline range. Accordingly, we remand the case to the district court to correct the clerical error in the judgment. See Fed. R. Crim. P. 36.

In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We affirm the oral sentence imposed by the district court but remand the case to the district court to correct the clerical error in the judgment.

This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED