UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4833

REGAN THOMAS STARKIE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4834

GERALD TYRONE SYKES,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Richard C. Erwin, Senior District Judge.
(CR-97-128)

Submitted: March 24, 1998

Decided: April 14, 1998

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina; Bryan E. Gates, Jr., Winston-Salem, North Carolina,

for Appellants. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellants, Gerald Sykes and Regan Starkie, appeal the sentences they received after pleading guilty to bank larceny[1] for their involvement in breaking into an automatic teller machine (ATM) and taking over $84,000. The Appellants protest a two-level increase in their total offense level under U.S. Sentencing Guidelines Manual § 2B1.1(b)(4) (1995) on a finding by the district court that their offense involved "more than minimal planning." The Appellants contend that this enhancement was improper because their offense involved nothing more than prying open an ATM machine with a tire iron and taking what was inside. They claim that this enhancement is appropriate only for sophisticated crimes that involve more ingenuity and planning. We disagree.

We review the district court's finding of more than minimal planning with a great deal of deference. Because the determination of whether or not a crime involves more than minimal planning is essentially one of fact, we will reverse only if we find a district court's decision clearly erroneous.[2] Under this standard of review, we have no difficulty upholding the district court.

While the Appellants are certainly correct that this enhancement is appropriate for crimes which display sophistication and ingenuity,

_____

[1] **See** 18 U.S.C. § 2113(b) (1994).
[2] **See United States v. Daughtrey** , 874 F.2d 213, 217 (4th Cir. 1989).

2

their attempt to limit the enhancement to such crimes must be rejected. Although the Appellants' larceny was not ingenious or elaborate in its execution, they admitted to changing clothes, gatherings tools, and sending a substantial portion of the money away for safekeeping after the crime. The district court weighed this evidence and concluded that the circumstances surrounding the larceny justified a two-level increase. On this record, we cannot say that the lower court clearly erred.

Finally, the Appellants appeal a discrepancy between the district court's oral sentences given in their presence and its written orders of judgment concerning restitution. When there is a conflict between a written order of sentence and an oral sentence, the latter is controlling, and the proper remedy is for the district court to correct its written judgment so that it conforms to its oral pronouncement.[3] Because the written orders are incorrect, we must remand the case to the district court so that it can correct its written orders to reflect the oral sentences.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

_____

[3] **See United States v. Morse**, 344 F.2d 27, 30 (4th Cir. 1965); Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962).

3