**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4015

DERRICK JERMAIN LONG,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-213)

Submitted: July 22, 1999

Decided: July 30, 1999

Before ERVIN, HAMILTON, and TRAXLER, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, John W. Stone, Jr.,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Derrick Jermain Long appeals from his conviction of and sentence imposed for bank robbery with a dangerous weapon in violation of 18 U.S.C.A. § 2113(a) (West Supp. 1999), and using and carrying a firearm during a crime of violence in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1999). Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the district court may have abused its discretion in denying Long's motion for a continuance of his sentencing, but stating that there are no meritorious issues for appeal. Long filed a supplemental brief arguing that the district court erred in sentencing him as a career offender under the sentencing guidelines. After a review of the entire record in accordance with Anders, we find no reversible error. Therefore, we affirm Long's conviction and sentence; however, we remand to the district court with instructions to correct the supervised release term as to the § 924(c) count.

At the sentencing hearing, Long moved for a continuance so that he could obtain new counsel and so that he could hire a lawyer in California to set aside one of his prior convictions which led to his classification as a career offender. We find no abuse of discretion in the district court's denial of the motion. See Morris v. Slappy, 461 U.S. 1, 11 (1983). The motion was not presented until the start of the sentencing hearing, and Long failed to present any basis for his request for new counsel. Also, Long's request to continue the hearing until he successfully challenged his prior convictions in California was unreasonable. In the event that he is successful in challenging the state convictions, Long may move for appropriate relief under 28 U.S.C.A. § 2255 (West Supp. 1999).

Long also challenges his classification as a career offender. A career offender is a person: (1) over eighteen years old when the instant offense--which constitutes a crime of violence or a controlled substance offense--is committed, and (2) who has two or more prior felony convictions for a controlled substance offense or a crime of violence. See U.S. Sentencing Guidelines Manual § 4B1.1 (1998). Long had two prior felony state convictions for possession for sale of

2

cocaine base. Both constitute controlled substance offenses, see USSG § 4B1.2(b), and, because they were committed on different dates, they are separately counted. See USSG§§ 4A1.1, 4A1.2(a). Because he was over eighteen years old when he committed the bank robbery--a crime of violence under USSG § 4B1.2(a)--Long was properly sentenced as a career offender. We cannot review the district court's decision not to depart downward from the resulting offense level. See United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990).

The court orally stated that the term of supervised release on the § 924(c) count was five years to run concurrently with the five years imposed on the bank robbery charge. The written judgment imposes a five-year consecutive supervised release term for the § 924(c) count. When the oral and written sentence conflict, the oral sentence governs. See Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962). Also, the maximum supervised release term for the § 924(c) count is three years, not the five years imposed by the court. See 18 U.S.C.A. § 3583(b)(2) (West Supp. 1999) (supervised release term for Class D felony is not more than three years); 18 U.S.C.A. § 3559(a)(4) (West Supp. 1999) (Class D felony if maximum prison sentence is five years or more, but less than ten years); 18 U.S.C.A. § 3624(e) (West Supp. 1999) (supervised release terms to run concurrently). Accordingly, we remand to the district court with instructions to correct the supervised release term as to the§ 924(c) charge to impose a term of supervised release of not more than three years to run concurrently with the five-year term imposed for the bank robbery count.

In accordance with Anders, 386 U.S. at 738, we have reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

In conclusion, we affirm Long's conviction and sentence and remand the case to permit the district court to correct the supervised release term imposed as to the § 924 count. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED