**ON PETITION FOR REHEARING**

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                              No. 99-4344

RICHARD LEE TONEY,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-66-MU)

Submitted: August 14, 2001

Decided: August 29, 2001

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Marshall A. Swann, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Richard Lee Toney pled guilty to one count of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base within 1000 feet of a school, 21 U.S.C. §§ 846, 860 (1994), and possession of cocaine with intent to distribute and aid and abet same, 21 U.S.C.A. § 841(a)(1) (West 1999), 18 U.S.C. § 2 (1994). His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asserting that the district court erred when it denied Toney a reduction in the base offense level for having accepted responsibility. Tony was notified of his right to file a pro se supplemental brief but has not done so. We vacate the judgment of conviction and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence.[1]

We find that the district court did not err by denying Toney a reduction in the base offense level for having accepted responsibility. Toney's act of absconding after he pled guilty warranted the district court's decision. *See United States v. Curtis*, 934 F.2d 553, 557 (4th Cir. 1991).

At sentencing, based on Toney's offense level and criminal history category, the sentencing guidelines' range was 135 months' to 168 months' imprisonment. The transcript of the sentencing proceedings

---

[1] We have considered the effect of Toney's sentence under the rule announced in *Apprendi v. New Jersey*, 503 U.S. 466 (2000), and find no error. Toney's terms of imprisonment and supervised release do not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999). *See United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc); *United States v. Pratt*, 239 F.3d 640, 647, 648 n.4 (4th Cir. 2001).

reflects that the district court imposed a sentence of 130 months' imprisonment. The written judgment, on the other hand, states that Toney was sentenced to 135 months' imprisonment. "[T]he sentences to be served . . . are those pronounced in the defendant's presence in open court and not those set out in the written judgments of the court." *Rakes v. United States*, 309 F.2d 686, 687 (4th Cir. 1962). The remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence. *See id.* at 688; *see also United States v. Morse*, 344 F.2d 27, 31 n.1 (4th Cir. 1965). Thus, the written judgment in the instant case should reflect the district court's oral pronouncement at sentencing.[2]

In accordance with the requirements of *Anders*, we have considered the entire record on appeal and find that there was no error in the plea proceeding, nor do we find any error in the district court's determination as to Toney's offense level or criminal history category. We vacate the district court's judgment and remand for the limited purpose of having the district court re-enter a written judgment conforming to the oral pronouncement at sentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2]We recognize that the transcript may contain a typographical error. If this is the case, the district court may re-enter a written judgment with a 135-month sentence.