# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JAMES H. WILLIAMS,
  *Defendant-Appellant.*

No. 02-4057

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-01-332)

Submitted: September 10, 2002

Decided: October 4, 2002

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. J. Strom Thurmond, Jr., United States
Attorney, John M. Barton, Assistant United States Attorney, Colum-
bia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

James H. Williams pled guilty to two counts of making and presenting false claims on Internal Revenue Service Forms 1041 in violation of 18 U.S.C. §§ 247, 2 (2000). On appeal, Williams' counsel has filed a brief challenging: (1) the district court's failure to award an additional point for acceptance of responsibility; (2) the obstruction of justice enhancement to the offense level; and (3) the denial of his motion for a downward departure. Williams has moved for leave to file a pro se supplemental brief. We grant the motion for leave to file a pro se supplemental brief. In his pro se supplemental brief, Williams raises several non-meritorious issues. With respect to the issue of restitution, this Court vacates the judgment and remands to the district court for the limited purpose that it enter a judgment reflecting the amount of restitution imposed by the court orally at sentencing. In all other respects, we find no reversible error.

A district court's decision to deny a reduction to the offense level for acceptance of responsibility is reviewed for clear error. *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir. 2002). At sentencing, Williams has the burden of showing he was entitled to the additional one level reduction. *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996). Because he failed to show his guilty plea was timely or that he timely provided complete information to authorities, the district court's failure to order an additional one level reduction was not clearly erroneous. *See U.S. Sentencing Guidelines Manual* § 3E1.1(b) (2000).

This Court reviews for clear error a district court's decision to increase the offense level for obstruction of justice. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). Under U.S.S.G. § 3C1.1, a two level increase is warranted if the defendant:

willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

We find the district court's factual findings were sufficient to authorize imposition of the increase to the offense level for obstruction of justice.

This Court does not have jurisdiction to review the district court's decision not to depart downward because it knew it had the authority to depart downward. *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

With respect to Williams' pro se supplemental brief, the oral sentence as recorded in the transcript with respect to restitution differs from the restitution in the written judgment. The district court ordered restitution in the amount of $4100. The judgment indicates restitution in the amount of $6100. "[T]he sentences to be served . . . are those pronounced in the defendant's presence in open court and not those set out in the written judgments of the court." *Rakes v. United States*, 309 F.2d 686, 687 (4th Cir. 1962). The remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence. *See id.* at 688; *see also United States v. Morse*, 344 F.2d 27, 31 n.1 (4th Cir. 1965). Thus, the written judgment in the instant case should reflect the district court's oral pronouncement at sentencing. Because Williams committed a crime of fraud, restitution is mandatory. *See* 18 U.S.C.A. § 3663A(c)(1)(ii) (West 2000 & Supp. 2002). The remaining issues raised in Williams' pro se supplemental brief are without merit.

Accordingly, we grant Williams' motion for leave to file a pro se supplemental brief and we vacate the court's judgment and remand for the limited purpose of having the district court re-enter a judgment conforming to the oral sentence.* We dispense with oral argument

---

*We recognize the transcript may contain a typographical error. In this case, the district court may re-enter a written judgment ordering $6100 in restitution.

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*