**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4916**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANKLIN HOWARD ENSMINGER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (CR-05-27)

Submitted:  June 30, 2006            Decided:  August 2, 2006

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Don Willey, Jefferson, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Franklin Howard Ensminger was convicted pursuant to a guilty plea for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). At sentencing, the court imposed an eighty-three-month sentence. Ensminger appeals his sentence, arguing that the district court erred in determining that his prior North Carolina state conviction for involuntary manslaughter constituted a "crime of violence" under U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2), 4B1.2 (2004).

Whether a particular state offense is a federal crime of violence is a question of law reviewed de novo. United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). In United States v. Payton, 28 F.3d 17 (1994), this court considered whether the defendant's South Carolina conviction for involuntary manslaughter constituted a "crime of violence" for purposes of sentencing enhancement under USSG §§ 2K2.1(a)(2), 4B1.2. The court noted that commentary to the USSG § 4B1.2 clearly listed manslaughter as a "crime of violence." Payton, 28 F.3d at 19. The court concluded that, although the commentary does not differentiate between involuntary and voluntary manslaughter, it includes both. Id. Accordingly, Ensminger's argument is foreclosed by Payton.

We vacate Ensminger's sentence and remand to the district court, however, on a different basis. At sentencing, based on Ensminger's offense level and criminal history category, the

Guidelines range was seventy-seven months to ninety-six months of imprisonment.  The transcript of the sentencing proceedings reflects that the district court imposed a sentence of eighty-three months of imprisonment.  The written judgment, however, states that Ensminger was sentenced to seventy-seven months of imprisonment. "[T]he sentences to be served  . . . are those pronounced in the defendant's presence in open court and not those set out in the written judgments of the court."  Rakes v. United States, 309 F.2d 686, 687 (4th Cir. 1962).  Thus, the written judgment in the instant case should reflect the district court's oral pronouncement at sentencing.  The remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence.  See id. at 688; see also United States v. Morse, 344 F.2d 27, 30, 31 n.1 (4th Cir. 1965) (the court "should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing"); Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

Accordingly, we vacate the district court's judgment and remand for the limited purpose of having the district court reenter a written judgment conforming to the oral pronouncement at sentencing.  We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>