**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4656**

_____

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

    versus

JOHN WAYNE CARDWELL,

                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Danville. Norman K. Moon, District Judge. (4:02-cr-60025-NKM)

_____

Submitted: January 26, 2007        Decided: March 2, 2007

_____

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Randy V. Cargill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Wayne Cardwell was convicted by a jury of solicitation to commit murder (Count 1) and conspiracy to murder a government witness (Count 5) and was initially sentenced in 2003 to 131 months of imprisonment for Count 1 and 60 months for Count 5, to run concurrently. On appeal, we affirmed Cardwell's convictions, but vacated and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Cardwell, 433 F.3d 378 (4th Cir. 2005). On remand, the district court reduced Cardwell's sentence to 121 months for Count 1 and kept his sentence for Count 5 the same. Cardwell appeals again, alleging that he was erroneously sentenced outside his advisory sentencing range. For the reasons that follow, we vacate and remand.

At the resentencing hearing, the district court stated on the record that it was sentencing Cardwell under the advisory Federal Sentencing Guidelines based on his total offense level of 32, the same total offense level used in his prior sentencing, and as recommended in Cardwell's previously calculated presentence report. (J.A. 54). With a total offense level of 32, Cardwell's sentencing range under the Guidelines was 121 to 151 months of imprisonment. After considering the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), the court orally sentenced Cardwell to 121 months of imprisonment for Count 1.

(J.A. 62).  The amended criminal judgment reflects the new 121-month sentence.  The "Statement of Reasons" filed with the criminal judgment, however, conflicts with the court's oral pronouncements at sentencing.  The "Statement of Reasons" notes that Cardwell was resentenced based on a total offense level of 28, which would give him a sentencing range of 78 to 97 months of imprisonment, and that his 121-month sentence was, therefore, an upward departure.  (J.A. 87-88).

Under Fed. R. Crim. P. 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  A district court's unambiguous oral pronouncement at sentencing is not negated by a subsequent written judgment that does not reflect the oral sentence.  See Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962) (addressing correction under Rule 35).  A court "should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing."  United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965).  It is normally the rule that, where a conflict exists between an orally pronounced sentence and the written judgment, the oral sentence will control.  United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003).  The remedy is to vacate the judgment and remand to the district court for the purpose of correcting the

written judgment to conform to the oral sentence.  <u>Morse</u>, 344 F.2d at 30-31 & n.1; <u>Rakes</u>, 309 F.2d at 687-88.

We thus vacate and remand Cardwell's sentence for the district court to correct its "Statement of Reasons" under Rule 36. The court should correct its "Statement of Reasons" form to correspond to its oral pronouncement at sentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>