**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4452**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

VINCENT HERNANDEZ, a/k/a Vin Rock, a/k/a Barrack,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:10-cr-00266-JFM-3)

Submitted: March 28, 2014          Decided: April 4, 2014

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

John A. Bourgeois, Ezra S. Gollogly, KRAMON & GRAHAM, PA,
Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Peter Marshall Nothstein, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Hernandez was convicted after a bench trial of all three counts charged in his superseding indictment: conspiracy to distribute and possess with intent to distribute marijuana and 280 grams or more of cocaine base ("crack") (Count 1); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012) (Count 3). The district court sentenced Hernandez to sixty months of imprisonment on Counts 1 and 3, to run concurrently, and to sixty months on Count 2, to run consecutively, for a total of 120 months of imprisonment. Hernandez appeals raising two issues: (1) whether his convictions are supported by substantial evidence, and (2) whether the district court erred by denying his motion for a new trial. For the reasons that follow, we affirm Hernandez's convictions and sentence but remand to the district court for correction of clerical error.

A defendant who challenges the sufficiency of the evidence to support his conviction bears a heavy burden, United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997), because we review the issue in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80 (1942).

2

Reviewing the evidence as required, we find the convictions are supported by substantial evidence and therefore affirm.

We observe, however, that the district court's criminal judgment denotes that Hernandez's drug conspiracy in Count 1 involved an unspecified amount of crack and refers to the superseding indictment. But in pronouncing its verdict, the court concluded that it could only find twenty-eight grams in the conspiracy beyond a reasonable doubt (J.A. 386-87), and in a later memorandum opinion the court noted that "it convicted [Hernandez] of the lesser included offense of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base because it found that only 28 to 280 grams of cocaine were foreseeable to Hernandez as a member of the conspiracy." (J.A. 530).[*]

Although a court speaks through its judgments and orders, see Murdaugh Volkswagen, Inc. v. First Nat'l Bank, 741 F.2d 41, 44 (4th Cir. 1984), in criminal cases, the general rule is that the oral pronouncement of the sentence governs. Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962). We thus conclude that the conflict between the criminal judgment and all other record facts in this case is clerical error that should be

---

[*] The Government concedes on appeal that Hernandez was only found guilty of distributing 28 grams of crack in Count 1. See Appellee's Br. at 4.

3

corrected. See Fed. R. Crim. P. 36. Thus, we remand this case to the district court with instructions to amend the criminal judgment to reflect that the conspiracy in Count 1 involved twenty-eight grams or more of cocaine base.

Next, Hernandez alleges that the district court erred by denying his motion for a new trial. In his Fed. R. Crim. P. 33 motion, Hernandez noted that a confidential informant, who testified in his case, later retained some crack following a controlled buy in an unrelated case. Hernandez claimed that the informant's conduct in that unrelated case constituted new evidence in his trial and established grounds for his Rule 33 motion. The district court denied the motion noting that other evidence, separate from the confidential informant, supported his convictions. We find no abuse of discretion in the district court's denial of the motion. See United States v. Robinson, 627 F.3d 941, 948 (4th Cir. 2010) (providing review standard and five-factor test for analyzing Rule 33 claims).

Accordingly, we affirm Hernandez's convictions and sentence but remand to the district court for the limited purpose of correcting the clerical error, specified above. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

4