**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 17-4003**

---

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

FELIX AYO CAMPBELL,

                  Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:16-cr-00019-GEC-1)

---

Submitted: July 31, 2017                 Decided: August 14, 2017

---

Before TRAXLER, KING, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. Rick A. Mountcastle, Acting United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felix Ayo Campbell pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court calculated Campbell's Guidelines sentence under the U.S. Sentencing Guidelines Manual (2015) at 60 months' imprisonment and sentenced him to 72 months' imprisonment. On appeal, Campbell challenges this sentence, arguing that it resulted from an erroneous upward departure under USSG § 4A1.3, p.s., and is unreasonable because the sentence is not tailored to his case and appears to have resulted from improper vindictiveness on the part of the district court. We affirm.

"[N]o matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." *United States v. Evans*, 526 F.3d 155, 164 (4th Cir. 2008). In doing so, we apply an abuse-of-discretion standard. *United States v. McManus*, 734 F.3d 315, 317 (4th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). This court first reviews for significant procedural error, and if the sentence is free from such error, we then consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. Procedural error includes improperly calculating the Guidelines, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* Substantive reasonableness is determined by considering the totality of the circumstances, including the extent of any deviation from the Guidelines. *Id.* An upward variance above the Guidelines is permitted where justified by the § 3553(a) factors. *See id.* We afford due deference to the district court's determination

2

that the § 3553(a) factors justify the extent of a variance, and the fact that we might find a different sentence appropriate is insufficient to justify reversal of the district court. *Id.*; *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (in reviewing above-Guidelines sentence, this court "defer[s] to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been [our] choice" (internal quotation marks omitted)).

We conclude after review of the record that the 72-month sentence resulted from the imposition of an upward variance, not an upward departure under USSG § 4A1.3, p.s. The district court specifically explained in its oral pronouncement of sentence that Campbell's above-Guidelines sentence was warranted in light of the nature and circumstances of his offense conduct, his criminal history and personal characteristics, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct, and the need to avoid unwarranted sentencing disparities, *see* 18 U.S.C. § 3553(a)(1), (2)(A), (B), (6).[*]

---

[*] Although the district court's written statement of reasons accompanying the criminal judgment identifies USSG § 4A1.3, p.s., and USSG § 5K2.21, p.s., as the Guidelines provisions on which the court relied in imposing the above-Guidelines prison term, it is well settled in this Circuit that the oral pronouncement of sentence controls where it conflicts with written evidence regarding the sentence. *See United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003); *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962). We therefore conclude that the written statement of reasons does not control over the conflicting oral pronouncement of the bases for imposing the 72-month term.

We also reject as without merit Campbell's contentions that his departure sentence is unreasonable because it was premised in part on consideration of his prior federal convictions for possession with intent to distribute cocaine base and possession of a firearm by a convicted felon and because the district court failed to follow the incremental procedure for departures under USSG § 4A1.3, p.s. The 72-month sentence did not result from an upward departure under USSG § 4A1.3, p.s. The district court also properly considered Campbell's criminal history—including his prior federal convictions—in imposing sentence, § 3553(a)(1), and, in assigning weight to concerns stemming from that conduct, did not abuse its discretion. *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole).

We further reject as unexplained and unsupported by the record Campbell's suggestion that his sentence is unreasonable because it was not tailored to his case and appears to have resulted from improper vindictiveness on the part of the district court. Although the sentence is 12 months above the Guidelines sentence, the district court did not abuse its discretion in determining that such a deviation was justified by § 3553(a) factors relevant to Campbell's particular case. *See United States v. Diosdado-Star*, 630 F.3d 359, 366-67 (4th Cir. 2011) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because it was based on the district court's examination of relevant § 3553(a) factors). We further find no evidence that

4

vindictiveness may have motivated the district court's sentencing decision as Campbell contends.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*