# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4006

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RAY LEE CASON,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:03-cr-00005-MR-1)

Submitted: February 28, 2022                    Decided: April 1, 2022

Before NIEMEYER and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Anthony Martinez, Federal Public Defender, Melissa S. Baldwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Lee Cason was convicted after a jury trial of bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(d), brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The district court calculated Cason's advisory sentencing range under the 2018 Sentencing Guidelines Manual at 135 to 147 months' imprisonment and sentenced Cason to a total prison term of 276 months. On appeal, Cason challenges this sentence, arguing that it is procedurally and substantively unreasonable. We affirm.

"We review a district court's sentence for an abuse of discretion." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). "Under this deferential standard, we first review [the sentence] for procedural reasonableness." *Id.* (internal quotation marks omitted). "Procedural errors include failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, and failing to adequately explain the sentence—including an explanation for any deviation from the Guidelines range." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted).

Cason argues that his sentence is procedurally unreasonable because the district court improperly calculated the Guidelines range through its erroneous upward departure under § 4A1.3 of the Guidelines. We conclude after review of the record that the 276-month prison term resulted from the imposition of an upward variance, not an upward departure under § 4A1.3. The district court explained in its oral pronouncement of

2

sentence that Cason's above-Guidelines sentence was warranted in light of the nature and circumstances of his offense conduct, his history and characteristics, the need for the sentence to reflect the seriousness of his offense conduct, to promote respect for the law, to provide just punishment, and to afford adequate deterrence, and in light of the range established by the Guidelines, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(B), (4)(A).[*]

Next, Cason argues that the district court procedurally erred in imposing sentence because it failed to consider 18 U.S.C. § 3553(a)(6) or his argument that a significant above-Guidelines sentence would create an unwarranted sentencing disparity.

"For every sentence, the district court must place on the record an individualized assessment based on the particular facts of the case before it." *Lozano*, 962 F.3d at 782 (internal quotation marks omitted). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Id.* (cleaned up). "When a defendant presents non-frivolous reasons for imposing a different sentence, the district court must address or consider them and explain why it has rejected them." *Id.* (internal quotation marks omitted). "The explanation is sufficient if it, although somewhat briefly,

---

[*] Although the district court's written statement of reasons identifies § 4A1.3 as a Guidelines provision on which it relied in imposing the above-Guidelines prison term, it is well settled in this Circuit that the oral pronouncement of sentence controls where it conflicts with written evidence regarding the sentence. *See United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003); *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962). We therefore conclude that the written statement of reasons does not control over the conflicting oral pronouncement of the bases for imposing the 276-month term.

outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [different sentence]." *Id.* (internal quotation marks omitted). A district court need not spell out its responses to a defendant's arguments where the context makes them clear. *United States v. Blue*, 877 F.3d 513, 520-21 (4th Cir. 2017).

In Cason's view, the district court failed to consider or, alternatively, gave a non-responsive explanation for its decision to reject, his argument for a within-Guidelines sentence based on the notion that an above-Guidelines sentence would create an unwarranted sentencing disparity. We disagree. The court began its sentencing explanation by responding to the central thesis of Cason's contention in this regard—that the 18 U.S.C. § 3553(a)(6) sentencing consideration of the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct warranted the imposition of a within-Guidelines sentence because his was a "run-of-the-mill" armed bank robbery involving the brandishing of a firearm, as demonstrated by an alleged comparator case. The district court explained it rejected this argument because this case was not an apt comparator and because Cason's case was not a "mine run" or "run-of-the-mill" case warranting a within-Guidelines sentence given that his brandishing of a firearm was aggravated by his threats to his victims and his criminal past.

Cason also notes that he relied in his sentencing memorandum on sentences imposed on armed robbery offenders in districts in this Circuit whom he claimed were similar defendants. In Cason's view, the fact that the district court believed that there was only a

4

single comparator case shows that it did not consider his contention that something other than a within-Guidelines prison term would create an unwarranted sentencing disparity. We reject this argument as well. The district court stated it had considered the arguments made by the defense in the sentencing memorandum and rejected both them and the mitigating arguments defense counsel proffered during oral argument at sentencing as not outweighing the aggravating circumstances in the case. In doing so, and in considering and rejecting Cason's arguments for a within-Guidelines sentence based on the alleged "mine run" nature of his case, the district court satisfied its obligation to address Cason's central thesis on this point—that the need to avoid unwarranted sentencing disparities counseled in favor of a within-Guidelines sentence because of the common and unaggravated nature of his offense conduct. *See Lozano*, 962 F.3d at 783; *see also United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) ("[T]he district court, having fully addressed Nance's central thesis . . . was not also required to address separately each supporting data point marshalled on its behalf.").

Cason also argues that his sentence is procedurally unreasonable because the district court failed to identify sufficiently compelling justifications supporting imposition of the above-Guidelines prison term and the sentence is substantively unreasonable.

Where, as here, the district court imposes a sentence outside the Guidelines range, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Provance*, 944 F.3d at 217 (internal quotation marks omitted). "A major [variance] should be supported by a more significant justification than a minor one." *Id.* This court assesses the substantive reasonableness of

5

a sentence "by taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*. at 219 (internal quotation marks omitted). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *Id.* (internal quotation marks omitted). Because this court's review ultimately is for abuse of discretion, we accord "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

We conclude that the district court provided a sufficiently compelling justification for imposing the 276-month prison term and that this term is not substantively unreasonable. Contrary to Cason's argument, the district court did not fail to address his contention that an above-Guidelines sentence would create an unwarranted sentencing disparity. The court described in thorough fashion the § 3553(a) factors that it viewed as aggravating and warranting an upward variant sentence, namely, the violent nature and seriousness of Cason's offense conduct; his history and characteristics, including the "extreme nature" of his prior criminal convictions and his commission of the subject offenses in less than five months after his release from state prison after serving a 25-year term for violent offenses; the needs to deter Cason and others from committing serious and violent crimes and "quick[ly] returning to criminal activity"; the need to promote respect for the law; and the need to promote just punishment. With regard to the nature of Cason's offense conduct, the district court found that his conduct in brandishing the firearm and threatening to kill his victims, when viewed in conjunction with his violent criminal

6

history, was an aggravating factor, and we reject as without merit Cason's suggestion that these matters were accounted for by his Guidelines range and § 924(c) brandishing conviction. We also reject as without merit Cason's contentions that the court's explanation is not sufficiently compelling because the court failed to explain how his criminal history factored into the decision to impose the 276-month term and that the court's articulated concern that a substantial sentence was needed to promote deterrence and respect for the law could have supported a within-Guidelines sentence and, therefore, was not compelling enough to support the imposition of the above-Guidelines term. As the court discussed, Cason's service of a 25-year state prison term did not deter him from quickly returning to serious and violent crime in this case. Given this pattern of criminal conduct and the non-deterrent effect of such a long prior prison term, the district court's articulated concern that a substantial sentence be imposed to promote deterrence for Cason and those defendants like him and respect for the law was sufficiently compelling to support the imposition of an upward variant sentence above the top end of the Guidelines range to a total of 23 years.

Finally, given the aggravating circumstances of Cason's violent criminal history and return to the violent criminal activity of using a firearm quickly after being released from service of a lengthy prison for violent offenses term that did not deter him, the district court, we conclude, acted reasonably, and, therefore, within its discretion, in imposing the 276-month upward variant sentence in this case. We thus defer to the district court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified a 129-month increase from the top end of the Guidelines to a 276-month prison term.

*See United States v. Diosdado-Star*, 630 F.3d 359, 362, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range because sentence was based on district court's examination of relevant § 3553(a) factors); *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of factors in defendant's case and decide that sentence imposed would serve § 3553 factors on the whole).

We therefore affirm the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*