**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4056**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH DARNELL DILLARD, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00178-WO-2)

Submitted: February 29, 2016          Decided: March 17, 2016

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina, for Appellant. Ripley Rand, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Darnell Dillard, Jr., pled guilty pursuant to a written plea agreement, to wire fraud, in violation of 18 U.S.C. § 1343 (2012), aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012), and aiding in the preparation of and filing of false tax returns, in violation of 26 U.S.C. § 7206(2) (2012). The district court imposed an aggregate sentence of 25 months' imprisonment and further ordered Dillard to pay $29,238 in restitution. In accordance with Anders v. California, 386 U.S. 738 (1967), Dillard's counsel filed a brief certifying that there were no meritorious grounds for appeal. We directed supplemental briefing on the issue of whether the district court plainly erred by imposing joint and several liability on Dillard and his codefendants in its restitution order. We affirm Dillard's convictions and sentence but remand for the district court to correct the written judgment.

Because Dillard did not object to the district court's restitution order, we review for plain error. United States v. Moore, 810 F.3d 932, 939 (4th Cir. 2016). "[W]e may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (alterations and internal quotation marks omitted).

2

Under the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A to 3664 (2012), "a sentencing court must 'order restitution to each victim in the full amount of each victim's losses as determined by the court.'" United States v. Grant, 715 F.3d 552, 554 (4th Cir. 2013) (quoting 18 U.S.C. § 3664(f)(1)(A)). Where "more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss." 18 U.S.C. § 3664(h). However, "a restitution award must be tied to the loss caused by the offense of conviction and does not permit a victim to recover for losses stemming from all conduct attributable to the defendant." United States v. Ocasio, 750 F.3d 399, 412 (4th Cir. 2014) (internal quotation marks omitted), cert. granted on other grounds, 135 S. Ct. 1491 (2015).

In their supplemental briefs, the parties agree that, while the district court ordered Dillard jointly and severally liable with his codefendants for their restitution, Dillard's liability is capped at $29,238. Two of our sister circuits have considered the issue and have similarly concluded that such a restitution order is a permissible exercise of the district court's discretion. United States v. Scott, 270 F.3d 30, 52-53 (1st Cir. 2001); United States v. Trigg, 119 F.3d 493, 501 (7th

3

Cir. 1997).  Moreover, requiring joint and several liability in a multi-defendant case such as this may be necessary to ensure that the grand total of compensation ultimately paid pursuant to the various restitution orders does not exceed the victim's losses.  See United States v. Klein, 476 F.3d 111, 114 (2d Cir. 2007).  Thus, we conclude that the district court did not plainly err in ordering restitution to be joint and several among the codefendants.  See United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002) ("In the absence of [Supreme Court or Fourth Circuit] authority, decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain." (internal quotation marks omitted)).

Dillard further argues that the district court plainly erred in failing to include Ronald Hairston in Dillard's written judgment when it orally ordered Hairston to be jointly and severally liable for Dillard's restitution.  We agree.  It is well settled in this circuit that, where the oral pronouncement of the sentence and the written judgment conflict, the oral pronouncement controls.  Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962).

In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal.  Accordingly, although we affirm Dillard's convictions and sentence, we remand to the district court with

4

instructions to correct the written judgment to reflect that Hairston is also jointly and severally liable for Dillard's restitution. See United States v. Morse, 344 F.2d 27, 29 n.1, 30-31 (4th Cir. 1965). This court requires that counsel inform Dillard, in writing, of the right to petition the Supreme Court for further review. If Dillard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dillard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

5